**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                              :
In re:                                        :  Chapter 11
                                              :
STANDARD AMUSEMENTS LLC [1]                   :  Case No. 19-23061 (RDD)
                                              :
                          Debtor.             :  Re: Docket No. 4
                                              :
                                              :
------------------------------------------------------------ x

## INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN EMPLOYEE COMPENSATION OBLIGATIONS AND (II) GRANTING RELATED RELIEF

Upon the Debtor's motion (the "<u>Motion</u>")[2] for entry of an interim order (this "<u>Order</u>") (i) authorizing the Debtor, in its discretion, as deemed necessary to continue to operate and preserve value, to pay all prepetition wages, expense reimbursements, and health care stipends (all as described in the Motion and collectively, the "<u>Prepetition Employee Obligations</u>") and (ii) granting certain related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion's request for interim relief having been provided under the circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis on May 28, 2019 (the "<u>Hearing</u>"); and upon the Singer Declaration and the record of the Hearing and all the proceedings before the Court; and after due

---

[1] The last four digits of the Debtor's federal tax identification number is: 0982, and the address of the Debtor's principal place of business is 1 Playland Parkway, Rye, New York 10580.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

deliberation thereon the Court having found and determined the relief requested in the Motion to be necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, that such relief is in the best interests of the Debtor, its estate and creditors and any parties in interest in that it provides a material net benefit to the Debtor's estate and creditors after taking into account the Bankruptcy Code's priority scheme, and that the legal and factual bases set forth in the Motion and at the Hearing established just cause for the relief granted herein; now, therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "<u>Final Hearing</u>") on the Motion will be held on June 27, 2019, at 10:00 a.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (prevailing Eastern Time) on June 17, 2019, and served on the following parties: (i) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Serene Nakano), and (ii) O'Melveny & Myers LLP, Times Square Tower, Seven Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Daniel S. Shamah, Esq., Joseph Zujkowski, Esq., and Diana M. Perez, Esq.), with a copy to the Court's chambers. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtor is authorized but not directed, in its discretion and business judgment, to (i) pay or otherwise honor all Prepetition Employee Obligations in an amount not to exceed $70,000 before the final hearing on the Motion, and (ii) honor and continue its practices with respect to the Prepetition Employee Obligations that were in effect as of the Petition Date, in

the ordinary course of business, and in the same manner and on the same basis as the Debtor honored and continued such practices before the Petition Date.

4. Notwithstanding any other provision of this Order and absent further order of the Court, payments to or on behalf of any individuals on account of Prepetition Employee Obligations in the interim period shall be limited by section 507(a)(4) of the Bankruptcy Code and capped at the amount afforded priority by that subsection. Payments shall be made as they become due and shall not be accelerated prior to the final hearing.

5. Nothing in the Motion or this Order shall be deemed to violate or permit a violation of section 503(c) of the Bankruptcy Code.

6. The Debtor's banks and financial institutions are authorized and directed to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtor's bank account before the Petition Date for Prepetition Employee Obligations that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtor's bank account, as may be necessary), and are authorized to rely on the Debtor's representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtor's bank account are subject to this Order; *provided that* sufficient funds are on deposit in the applicable bank account to cover such payments. Further, the Debtor's banks and financial institutions are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an employee or other party for Prepetition Employee Obligations; *provided that* sufficient funds are on deposit in the applicable bank account to cover such transfers.

7. The Debtor is authorized to reissue payment for the Prepetition Employee Obligations and to replace any inadvertently dishonored or rejected payments. Further, the Debtor

is authorized to reimburse any expenses that employees may incur as a result of any bank's failure to honor a prepetition check.

8. Nothing in this Order shall be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code and a separate motion shall be filed for any request that falls within section 503(c). No payment to any employee may be made to the extent that it is a transfer in derogation of section 503(c), and this Order does not implicitly or explicitly approve any bonus plan, incentive plan or any plan covered by section 503(c).

9. Nothing in the Motion or this Order or the relief granted herein (including any actions taken or payments made by the Debtor) is to be construed as (i) an admission of the validity of any claim against the Debtor; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtor's rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtor's rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

10. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

11. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry, for cause.

12. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

13. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 28, 2019
        White Plains, New York

                                              /s/ Robert D. Drain
                                             THE HONORABLE ROBERT D. DRAIN
                                             UNITED STATES BANKRUPTCY JUDGE