**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
STANDARD AMUSEMENTS LLC,[1]                                  :    Case No. 19-23061 (RDD)
                                                             :
                                            Debtor.          :    Re: Docket No. 3
                                                             :
-------------------------------------------------------------x
```

**INTERIM ORDER (I) AUTHORIZING (A) CONTINUED USE OF THE DEBTOR'S
CASH MANAGEMENT SYSTEM AND (B) POSTPETITION INTERCOMPANY
TRANSACTIONS, (II) WAIVING CERTAIN UNITED STATES TRUSTEE
REQUIREMENTS, AND (III) GRANTING RELATED RELIEF**

Upon the Debtor's motion (the "Motion")[2] for entry of an interim order (this "Order") (i) authorizing (a) the Debtor's continued use of its cash management system (the "Cash Management System") subject to certain modifications and (b) the Debtor's performance of ordinary course Intercompany Transactions, (ii) waiving certain bank account and related requirements of the Office of the United States Trustee for Region 2 (the "U.S. Trustee"), and (iii) granting related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion's request for interim relief having been provided under the circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief

---

[1] The last four digits of the Debtor's federal tax identification number is: 0982, and the address of the Debtor's principal place of business is 1 Playland Parkway, Rye, New York 10580.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

requested in the Motion on an interim basis on May 28, 2019 (the "Hearing"); and upon the Singer Declaration and the record of the Hearing and all the proceedings before the Court; and after due deliberation thereon the Court having found and determined that the interim relief requested in the Motion and granted herein is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, that such relief is in the best interests of the Debtor, its estate and creditors and any parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing established just cause for the relief granted herein; now, therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion will be held on June 27, 2019, at 10:00 a.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (prevailing Eastern Time) on June 17, 2019, and served on the following parties: (i) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Serene Nakano); and (ii) O'Melveny & Myers LLP, Times Square Tower, Seven Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Daniel S. Shamah, Esq., Joseph Zujkowski, Esq., and Diana M. Perez, Esq.), proposed counsel for the Debtor, with a copy to the Court's chambers. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtor is authorized and empowered to continue to maintain and use its Cash Management System and the Debtor Bank Account.

4. The Debtor is authorized but not directed to (i) maintain and continue to use the Debtor Bank Account, in the same manner and with existing account number, styles, and

document forms as are currently employed subject to paragraph 10, (ii) deposit funds in, and, withdraw funds from, the Debtor Bank Account by usual means, including check, wire transfer, ACH transfer, draft, electronic fund transfer, centralized lockbox, or other items presented, issued, or drawn on the Debtor Bank Account, (iii) pay prepetition and ordinary-course bank fees for the Debtor Bank Account, and (iv) perform its obligations under the Debtor Bank Account's governing documents and agreements.

5. The Debtor is authorized to deposit funds into, and disburse funds from, the Debtor Bank Account, and Chase is authorized and directed to accept and honor all Disbursements (defined below) at the direction of the Debtor.

6. The Debtor is authorized to implement changes to the Cash Management System in the ordinary course of business, including, without limitation, the opening of any new bank accounts and the closing of any existing bank accounts it may deem necessary and appropriate, so long as (i) any such new account is with a bank that has a Uniform Depository Agreement with the U.S. Trustee pursuant to the U.S. Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, or at such bank that is willing to immediately execute such agreement, and (ii) the Debtor provides notice to the U.S. Trustee within seven days of the opening or closing of such account.

7. Chase is authorized and directed to continue to administer, service, and maintain the Debtor Bank Account, as it was prepetition, without interruption and in the ordinary course, without further order of this Court, and to receive, process, honor, and pay all checks, drafts, wires, ACH transfers, electronic fund transfers, or other items presented, issued, or drawn on the Debtor Bank Account (collectively, the "Disbursements") on account of any claim this Court has granted the Debtor approval to pay, whether arising before, on, or after the Petition

Date to the same extent the Debtor was responsible for such items prior to the Petition Date.

8. Chase is authorized and directed to accept and honor all representations from the Debtor as to which Disbursements should be honored and shall have no duty to inquire as to whether such payments are authorized by an order of this Court. If Chase nevertheless dishonors Court-approved Disbursements, the Debtor is authorized to issue replacement Disbursements consistent with the orders of this Court. Chase will not be liable to the Debtor or its estate, or otherwise be in violation of the orders of this Court, for honoring a prepetition Disbursement or other Disbursement at the Debtor's direction.

9. Chase is authorized, without further order of this Court, to deduct applicable fees and expenses associated with services rendered to the Debtor, whether arising prepetition or postpetition, from the appropriate accounts of the Debtor and to charge back to the appropriate accounts any amounts resulting from returned checks or other returned items, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers. The Debtor shall at all times maintain sufficient balances in the Debtor Bank Account to secure its obligations to Chase for the cash management and related services provided to the Debtor.

10. The Debtor is authorized to continue using all checks, correspondence and other business forms, including, but not limited to, purchase orders, multicopy checks, letterhead, envelopes, promotional materials, and other business forms, substantially as they existed immediately before the Petition Date without reference to the Debtor's status as a debtor in possession; *provided that* the Debtor shall use its best efforts to designate "Debtor in Possession" to its existing checks, correspondence and business forms and once the Debtor's existing checks have been used, the Debtor will, when reordering checks, ensure that the designation "Debtor in

Possession" and the corresponding bankruptcy case number are printed on all checks; *provided further that*, with respect to electronic checks and checks that the Debtor or its agents print themselves, the Debtor will begin printing the "Debtor in Possession" legend on such items upon entry of this Order.

11. Within five days of the date of entry of this Order, the Debtor shall (i) contact Chase; (ii) provide Chase with the Debtor's tax identification number; and (iii) identify the Debtor Bank Account as being held by a debtor in possession in a bankruptcy case.

12. Notwithstanding anything to the contrary set forth herein, the Debtor is authorized to continue performing Intercompany Transactions arising from or related to the operation of its business in the ordinary course. In connection with the Intercompany Transactions, the Debtor shall continue to maintain current records with respect to all transfers of cash so that all Intercompany Transactions may be readily ascertained, traced, and properly recorded on intercompany accounts.

13. The Debtor's time to comply with Bankruptcy Code section 345(b), to the extent necessary for any particular Bank Account, is hereby extended for a period of forty-five (45) days from the date of this Order; provided, however, that such extension is without prejudice to the Debtor's right to (i) request a further extension of such relief or the waiver of the requirements of Bankruptcy Code section 345(b), and (ii) assert that any particular Bank Account complies with Bankruptcy Code section 345(b) and to the United States Trustee's right to object.

14. Nothing in the Motion or this Order or the relief granted herein (including any actions taken or payments made by the Debtor) is to be construed as (i) an admission of the

validity of any claim against the Debtor; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtor's rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtor's rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

15. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

16. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

18. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 28, 2019
      White Plains, New York

                                                  /s/ Robert D. Drain
                                                    THE HONORABLE ROBERT D. DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE